State *v.* Connelly.

STATE OF MAINE *vs.* CORNELIUS CONNELLY.

*Search and seizure—what are sufficient allegations.*

In a search and seizure process a complaint that intoxicating liquors are kept and deposited by the defendant with the intent to sell them in this State in violation of law, is equivalent to an allegation that they are unlawfully kept and deposited, and is sufficient.

State *v.* Connelly.

In such complaint, it is not necessary to negative the authority of the defend-
ant to sell intoxicating liquors within this State.

One who keeps or deposits intoxicating liquors with intent to sell them in
this State, in violation of law, is guilty of the offence described in R. S., c.
27, §§ 33 and 35, though he may have authority to sell them in some town
or city in the State.

ON EXCEPTIONS.

The defendant was arraigned upon a warrant issued by the
judge of the municipal court of Portland on complaint made
to that magistrate under R. S., c. 27, that intoxicating liquors
were there kept by Cornelius Connelly, in a place described, he
"not being then and there authorized to sell said liquors with-
in said Portland," and that the same were "intended for sale in
this State in violation of law," &c. Liquors were stated in the
officer's return to have been seized upon this warrant, and the re-
spondent was brought before the court to answer the charge of
keeping them for an unlawful purpose. His counsel demurred to
the complaint. His demurrer was overruled, and exceptions were
taken by him.

*Mattocks & Fox,* for the respondent.

The complaint is bad, because it does not allege the keeping
and deposit to be unlawful. *State* v. *Learned,* 47 Maine, 426.

Nor is the respondent's authority to sell sufficiently negatived.
He may have kept them in Portland, where he was not licensed,
intending to sell them in some place where he was licensed, for
all that appears in the charge against him. *State* v. *Miller,* 48
Maine, 576.

*Charles F. Libby,* county attorney, for the State.

BARROWS, J. The respondent admits by his demurrer that he,
not being authorized to sell intoxicating liquors in Portland, kept
and deposited such liquors in a certain dwelling-house particular-
ly described in the complaint, situated in said Portland, and occu-
pied by the respondent, a part of it being used by him for the
purpose of traffic, "and that said liquors then and there were and

now are intended for sale in this State by said Connelly in violation of law, against the peace," &c. The respondent concedes that the complaint is in the form prescribed in R. S., c. 27, § 57, for this process, but he insists that it does not set forth all the elements necessary to constitute the offence; that he should have been charged with an "unlawful" keeping and depositing, and that his authority to sell is not sufficiently negatived in the complaint. The substance of the offence is the keeping or depositing of intoxicating liquors at some place in this State with intent that the same shall be sold within the State in violation of law. *State* v. *Kaler*, 56 Maine, 88. Every such keeping or depositing is unlawful, and it does not need the application of the epithet to demonstrate it.

The act is prohibited and made unlawful by R. S., c. 27, § 33. Whether an allegation that the liquors were unlawfully kept or deposited by the defendant would be sufficient, and equivalent to a charge that he kept or deposited them with intent to sell them in violation of law within the State, is not decided in *State* v. *Learned*, 47 Maine, 426, though it is said on p. 429 that "perhaps it might be, inasmuch as the keeping could only be unlawful when accompanied by the intent to sell or aid in the selling."

The fatal defect in Learned's case was, that there was neither any allegation that the possession of the defendant was unlawful, nor that he had the intent which would make it so. Not so here. It is alleged, and this defendant admits that the liquors are intended for sale in this State by him in violation of law.

And with this admission in the record, it becomes immaterial whether the defendant's authority to sell was negatived or not, or in what manner, or to what extent it was negatived. One who had such authority would nevertheless commit the offence and incur the penalty if he kept or deposited the liquors with the intent to sell them within the State in violation of law.

The words in the complaint "said Connelly not being then and there authorized by law to sell said liquors within said Portland" might be omitted as surplusage, and still the charge that the defendant kept liquors intending to sell them within this State

in violation of law would remain, clearly set forth, embracing all the elements of the offence and constituting by force of the statute an "unlawful" keeping.                    *Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, VIRGIN and PETERS, JJ., concurred.